The Honorable Janice A. Judy State Representative 202 W. Maple Street Fayetteville, AR 72701-4132
Dear Representative Judy:
You have presented the following question for my opinion:
 Should the board of trustees of a police pension fund pay surviving spouses the "amount equal to the pension" in accordance with A.C.A. § 24-11-425(a), or should the board follow the limiting "shall not exceed one-half of the salary" language in A.C.A. § 24-11-425(f)?
You state that the Board of Trustees of the Fayetteville Police Pension Fund pays retired officers 90% of their ending salary as a pension benefit upon retirement.
RESPONSE
It is my opinion that the board should follow the limiting language of A.C.A. § 24-11-425(f) in determining the amount to pay surviving spouses.
I will begin by setting forth the pertinent statutory provisions. They are A.C.A. § 24-11-425(a)(1) and (f):
 (a)(1) If any active police officer or any retired member dies from any cause, leaving a surviving spouse, then the board of trustees shall direct a monthly pension during the surviving spouse's life in an amount equal to the pension attached to the rank of the deceased police officer at the time of his or her death, but in no event shall the benefit of the surviving spouse be less than three hundred fifty dollars ($350) per month.
* * *
 (f) The sum total of the pension to be paid the surviving spouse or the qualifying child of the deceased police officer shall not exceed one-half (1/2) of the salary attached to the rank the police officer held at the time of his death.
A.C.A. § 24-11-425(a)(1) and (f).
One of the basic rules of statutory interpretation is that the provisions of an act should be reconciled, if possible, so as to make them consistent, harmonious, and sensible, and so that every part can be given effect. Williams v. Little Rock School District, 347 Ark. 637,66 S.W.3d 590 (2002). It is also appropriate to look to the legislative history, the language, and the subject matter involved. Id.
It is possible to reconcile the above-quoted provisions of A.C.A. §24-11-425 and to give effect to both. Both of these sections were added to the statute by Act 582 of 1981. In my opinion, it is clear that Subsection (f) was intended to operate as a limitation on the benefit provided by Subsection (a)(1). It was not stated immediately after the language of Subsection (a)(1) because it also operates as a limitation on the benefits provided to the surviving children of deceased officers. In the original act, this limiting language followed directly after the statement of the benefits to surviving children (which followed directly after the statement of benefits to surviving spouses). It clearly was intended as a limitation on both types of benefits.
Accordingly, the benefit provided by Subsection (a)(1) must be read in conjunction with the limitation of Subsection (f), with the result that a surviving spouse can receive the deceased spouse's pension, up to one-half of the deceased spouse's salary at the time of death.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General